UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THEODORE B. PLETSCH, | CASE NO. 14-cv-05610 JRC |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S COMPLAINT |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* Dkt. 12, 13, 14.).

After considering and reviewing the record, the Court concludes that the ALJ failed to evaluate properly the medical evidence, as plaintiff's activities of daily living do not demonstrate that he is capable of standing or walking for more than four hours in an

eight hour workday, and his MRI results of a disc bulge encroaching on multiple nerve roots provide objective medical evidence in support of the doctor's opined limitations.

As this error is not harmless, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

BACKGROUND

Plaintiff, THEODORE B. PLETSCH, was born in 1959 and was 48 years old on the amended alleged date of disability onset of January 1, 2008 (*see* AR. 76, 236-37). Plaintiff has at least a high school education (*see* AR. 31).   Plaintiff has work experience as a carpenter, a commercial tree planter and in construction (AR. 75, 284-300).

According to the ALJ, plaintiff has at least the severe impairments of "lumbar degenerative disc disease, spondylolisthesis at L4-5, emphysema, [and] loss of sensation in saddle distribution, (20 CFR 404.1520(c))" (AR. 24).

At the time of the hearing, plaintiff was living with his wife (*see* AR. 301).

PROCEDURAL HISTORY

Plaintiff provides the following uncontested procedural history:

Plaintiff, Theodore B. Pletsch ("Pletsch") protectively filed an application for Social Security disability benefits on January 21, 2009, alleging that he has been disabled since May 31, 2007.[1] His application was denied initially and on reconsideration, and a hearing was held before Administrative Law Judge Steve Lynch ("the ALJ") on January 21, 2011. (Tr. 69-92). . . .  [And, following remand from the Appeals Council,] a new hearing was held on December 6, 2012. (Tr. 38-68). On January 10,

---

[1] (AR. 236-39). At his first hearing, plaintiff amended his alleged disability onset date to January 1, 2008 (AR. 76).

2013, the ALJ issued a decision in which he again found that [plaintiff] was not disabled. (Tr. 18-37). On April 14, 2014, the Appeals Council denied [plaintiff]'s request for review, leaving the decision of the ALJ as the final decision of the Commissioner. (Tr. 3-6). A timely Complaint was filed in Federal District Court.

(*See* Plaintiff's Opening Brief, Dkt. 12, p. 2.)

In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly evaluated the lay evidence; (4) Whether or not the ALJ properly assessed plaintiff's residual functional capacity; and (5) Whether or not the ALJ erred at step five (*see* Dkt. 12, p. 1).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**(1)     Whether or not the ALJ properly evaluated the medical evidence**.

Plaintiff contends that the ALJ failed to evaluate properly the opinions of examining doctor, Dr. Peter Pfeiffer, M.D. Defendant contends that the ALJ's rationale was appropriate and there is no error.

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected "for specific and legitimate

reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). In addition, the ALJ must explain why his own interpretations, rather than those of the doctor, are correct. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Dr. Pfeiffer examined plaintiff and reviewed plaintiff's lumbar spine MRI, as well as his physical therapy records (*see* AR. 508-19). Dr. Pfeiffer noted plaintiff's reported activities of daily living, including doing some yard work, such as mowing the lawn, or doing some housework, such as cooking, cleaning or vacuuming, and watching TV (*see* AR. 509). Dr. Pfeiffer noted that plaintiff had a normal gait and station (*see* AR. 510).

Despite finding that plaintiff had normal range of motion in all other joints in his body, Dr. Pfeiffer noted that plaintiff's range of motion in his back was 80 degrees of flexion and 5 degrees of extension (*see id.*; *see also* AR. 518-19). Noting that "the radiological evidence point[s] to a misalignment of vertebral bodies at L4-L5, [Dr. Pfeiffer] [opined] that [plaintiff's] back pain will either remain the same or continue to get worse" (*see* AR. 511). Dr. Pfeiffer opined specifically that plaintiff could "stand or walk for four hours in an eight hour day due to his back pain" (*see id.*; *see also* AR. 513). He also limited plaintiff to lifting twenty pounds regularly due to back pain, but indicated that there were no manipulative limitations (*see* AR. 511, 512, 514).

The ALJ gave only "some weight" to the opinion of Dr. Pfeiffer (*see* AR. 29). In doing so, the ALJ relied in part on a finding that the objective medical evidence suggests

that plaintiff's "ability to stand and walk is not as limited as Dr. Pfeiffer opined" (*see id.*).

However, as noted previously by the ALJ in his written decision, plaintiff's February

2010 MRI of the lumbar spine revealed "degenerative changes in the lumbar spine with

posterior annular tears and small disc protrusions at multiple levels, facet hypertrophic

changes in the lower lumbar spine, L3-L4 disc material abutting the left L4 nerve root in

the lateral recess  .  .  .  ." and his "December 2011 lumbar MRI revealed mild multilevel

degenerative disc disease, no central spinal canal stenosis, mild anterior left L2-3 neural

foraminal narrowing secondary to left paracentral disc bulge, encroachment upon the

descending left L3 nerve root and descending bilateral L4 nerve roots secondary to disc

bulge" (AR. 28 (citations omitted)). These objective medical findings provide ample

support for Dr. Pfeiffer's opinion regarding plaintiff's limitations on standing and

walking. With respect to the limitations on standing and walking, the ALJ has not

explained why his own interpretations, rather than those of the doctor, are correct. *See*

*Reddick, supra*, 157 F.3d at 725 (*citing Embrey, surpa*, 849 F.2d at 421-22).

When rejecting the opinions of Dr. Pfeiffer, the ALJ also relied in part on a

finding that plaintiff's "activities of daily living suggest that his ability to stand and walk

is not as limited as Dr. Pfeiffer opined" (*see* AR. 29). The ALJ does not specify which

activities of daily living he finds inconsistent with the opinion of Dr. Pfeiffer, however

elsewhere in his written decision, when failing to credit fully plaintiff's credibility, the

ALJ relies on plaintiff's "activities of daily living that include performing housework,

yard work, and playing solitaire for several hours a day" (*see* AR. 31(citations omitted)).

First, the Court notes that other than playing solitaire, which does not generally require

1   standing or walking, these activities of daily living noted by the ALJ are the same

2   activities of daily living noted by Dr. Pfeiffer (*see id.; see also* AR. 509). Again, the ALJ

3   has not explained why his own interpretations, rather than those of the doctor, are correct.

4   *See Reddick, supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th

5   Cir. 1988)). Secondly, plaintiff indicated that he did "clean (minor) up house [and]

6   limited yard work" (*see* AR. 309). Plaintiff specified that he does laundry, some

7   sweeping and light yard work for "2 hours" and that he cooks "easy, single course food"

8   for an hour at a time (*see* AR. 311). These activities do not require standing or walking

9   more than four hours in an eight-hour work day. Therefore, the Court concludes that the

10  ALJ's finding that plaintiff's "activities of daily living suggest that his ability to stand

11  and walk is not as limited as Dr. Pfeiffer opined" is not supported by substantial evidence

12  in the record as a whole (*see* AR. 29).

13          The ALJ also supports his rejection of Dr. Pfeiffer's opinion because "the

14  objective medical evidence does not indicate that the claimant has any manipulative

15  limitations" (*see id.*). However, as Dr. Pfeiffer opined no manipulative limitations, this

16  finding does not provide any support for the ALJ's rejection of Dr. Pfeiffer's opinions

17  (*see* AR. 511).

18          For the reasons stated and based on the relevant record as a whole, the Court

19  concludes that the ALJ erred in failing to credit fully the opinions of examining doctor,

20  Dr. Pfeiffer.

21          The Court also concludes that this error is not harmless. The Ninth Circuit has

22  "recognized that harmless error principles apply in the Social Security Act context."

*Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

The ALJ failed to include the limitations opined by Dr. Pfeiffer into plaintiff's residual functional capacity ("RFC") and into the hypothetical questions presented to the vocational expert (*see* AR. 27). Had the limitations been included, the ultimate determination of non-disability based on these findings may have been different. Thus, the error is not harmless. *See id.* However, as noted by defendant, there "is no vocational testimony indicating whether [these] limitations [opined by Dr. Pfeiffer], if adopted, would be disabling" (*see* Response, Dkt. 13, pp. 20-21). Therefore, contrary to plaintiff's request, the Court does not remand with a direction to award benefits. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted) (the final step in the credit-as-true analysis is to determine whether or not "if the improperly discredited evidence [was] credited as true, the ALJ would be required to find the claimant disabled on remand").

1    **(2)      Whether or not the ALJ properly evaluated plaintiff's testimony**.

2        The Court already has concluded that the ALJ erred in reviewing the medical

3    evidence and that this matter should be reversed and remanded for further consideration,

4    *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part

5    on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore,

6    plaintiff's credibility should be assessed anew following remand of this matter.

7        Based on the record as a whole, the Court concludes that all of the medical

8    evidence, as well as the lay evidence offered by plaintiff's wife, Ms. Judy Mary Pletsch,

9    should be evaluated anew following remand of this matter. As a necessity, the RFC and

10   the step five findings also must be evaluated anew following remand.

11
                                    CONCLUSION
12

13       Based on the stated reasons and the relevant record, the Court **ORDERS** that this

14   matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

15   405(g) to the Acting Commissioner for further consideration consistent with this order.

16       **JUDGMENT** should be for plaintiff and the case should be closed.

17       Dated this 30th day of January, 2015.

18

19

20       J. Richard Creatura
         United States Magistrate Judge
21

22

23

24